# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL ACTION NO. 1:15-CV-185-MR-DCK

| | |
|---|---|
| DENISE H. REYNOLDS; DONALD F. REYNOLDS; DONALD REYNOLDS; and ONETA B. REYNOLDS, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| BETHEEN A. AMUNDSEN; BIRDSONG HOMEOWNERS ASSOCIATION INC.; PAUL R. ERICKSON; GLENDA P. ERICKSON; MICHELE R. SHLANSKY; MARILYN MARGARET MCCARTHY; ELENA KAPLAN; JAMES R. HARKINS; and STEPHANIE C. BRUNDAGE, | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM AND RECOMMENDATION**

**THIS MATTER IS BEFORE THE COURT** on Defendants Birdsong Villas Homeowner's Association, Inc., Betheen A. Amundsen, Paul R. Erickson, Glenda P. Erickson, Michelle R. Schlansky, and Marilyn Margaret McCarthy's "Motion To Dismiss" (Document No. 13). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for disposition. Having carefully considered the arguments, the record, and applicable authority, the undersigned will respectfully recommend that the motion be <u>granted</u>.

## I. BACKGROUND

Plaintiffs Denise H. Reynolds, Donald Reynolds, Oneta B. Reynolds, and Donald F. Reynolds (collectively, the "Reynolds" or "Plaintiffs") initiated this action with the filing of a "Complaint" (Document No. 1) on August 25, 2015. The Complaint seeks declaratory and injunctive relief regarding "real and/or personal property rights in and to existing boat docks and

boat slips upon the lands of the Plaintiffs and the rights as between the parties to in the future place boat docks and slips upon the lands of the Plaintiffs." (Document No. 1, p.2). Specifically, Plaintiffs request that the Court "determine and declare the respective rights and interests of the parties" and "temporarily and permanently enjoin the Defendants from activities that interfere with and prohibit the Plaintiffs from the use and enjoyment of their land, the boat docks and boat slips on their land, and the seawall on their land." (Document No. 1, p.32).

On October 28, 2015, Defendant Birdsong Villas Homeowner's Association, Inc. (the "HOA"), and its members and co-defendants Betheen A. Amundsen, Paul R. Erickson, Glenda P. Erickson, Michelle R. Schlansky, and Marilyn Margaret McCarthy (the "Villa Owners") (all together, "Defendants") filed the pending "Motion To Dismiss" (Document No. 13) pursuant to Fed.R.Civ.P. 12(b)(1), along with "Defendants' Memorandum Of Law In Support…" (Document No. 13-1). In short, Defendants assert there is no diversity jurisdiction in this case, and there are no federal issues; rather, Defendants contend that the respective rights of the parties relating to the use of easements on lands belonging to Plaintiffs are local issues for the State Courts to determine. (Document No. 13, pp. 2-3).

In response, "Plaintiffs' Objection To Defendant Villa Owners Motion To Dismiss Complaint…" (Document No. 15) was filed on November 12, 2015. Plaintiffs contend that this "is clearly a federal action," because the Tennessee Valley Authority ("TVA") may require a private party "requesting TVA action to grant or revoke a TVA permit to obtain a court order declaring respective land rights." (Document No. 15) (citing 18 C.F.R. § 1304.2(a)).

On November 16, 2015, "Defendants And Third Party Plaintiffs' Elena Kaplan, James R. Harkins And Stephanie Brundage's Response to Defendant Villa Owners' Motion To Dismiss Complaint" (Document No. 17), and "Defendants And Third Party Plaintiffs' Elena Kaplan, James

R. Harkins And Stephanie Brundage's Amended Answer, Affirmative Defenses, Counterclaim And Third-Party Complaint" (Document No. 16) were filed. The "Kaplan Defendants" "take no position" on the pending motion to dismiss, and assert their own claims against Richard Hudson, Betsy Hudson, Walker Kohl, Jr., Mary Kohl, Inderjeet S. Wassan and Inderjit Wassan ("Third-Party Defendants"), as well as counterclaims against Plaintiffs. See (Document Nos. 14, 16, and 17).

Defendants' "…Reply To Plaintiff's Objection To Motion To Dismiss…" (Document No. 18) was filed on November 20, 2015. As such, the pending motion to dismiss is ripe for review and disposition, and a memorandum and recommendation to the Honorable Martin Reidinger is now appropriate.

## II. STANDARD OF REVIEW

The plaintiff has the burden of proving that subject matter jurisdiction exists. See Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The existence of subject matter jurisdiction is a threshold issue the court must address before considering the merits of the case. Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999). When a defendant challenges subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1), "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, 945 F.2d at 768. The district court should grant the Rule 12(b)(1) motion to dismiss "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id. See also, Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999).

## III. DISCUSSION

In support of their "Motion To Dismiss," Defendants first present some historical context for the lawsuit. Specifically, Defendants assert that prior to Plaintiffs' purchase of the property at issue in this case, "Lot 1 of Licklog Bay Subdivision in Clay County, North Carolina, Plaintiff's predecessors granted express easements for ingress and egress; dock permitting; and boat moorage rights to the Defendants." (Document No. 13-1, p.2). Defendants also contend that they obtained dock permits from the TVA prior to Plaintiffs' purchase of their tract of land.

Defendants observe that Plaintiffs assert federal subject matter jurisdiction because: (1) they own land adjoining the TVA; (2) they have applied for a dock permit; and (3) TVA has requested concurrence among the property owners or a court order declaring property rights. (Document No. 13-1, p.9); see also (Document No. 1, pp.2-3) (citing 18 C.F.R. § 1304.2(a)). Defendants argue that Plaintiffs' reliance on 18 C.F.R. § 1304.2(a) is in error. (Document No. 13-1, p.9). Defendants further observe that TVA is not a party to the complaint, and no claim is made against TVA for any alleged action or inaction. Id.

As noted by Defendants, 18 C.F.R. § 1304 is titled "Approval of Construction in the Tennessee River System and Regulation of Structures and Other Alterations." Id. Defendants contend this Section provides a mechanism for the TVA to approve obstructions, such as boat docks, but "is certainly not a legislative decree by Congress asserting federal jurisdiction over property rights issues between landowners who happen to abut the TVA." (Document No. 13-1, pp.9-10). Section 1304.2(a) provides in part:

> The applicant is responsible for locating the proposed facility on qualifying land and ensuring that there is no objection from any owner of such land. TVA may require the applicant to provide appropriate verification of ownership and lack of objection, but TVA is not responsible for resolving ownership questions. In case of a dispute, **TVA *may* require private parties requesting TVA**

4

> **action to grant or revoke a TVA permit to obtain a court order declaring respective land rights.** TVA may exercise its discretion to permit a facility on TVA land that is located up or downstream from the land which makes the applicant eligible for consideration to receive a permit.

18 C.F.R. 1304.2(a). (Emphasis added).

Defendants argue that nothing in this regulation confers jurisdiction to the federal court. (Document No. 13-1, p.10). "Instead, the Plaintiffs sole right is in State Court . . . the proper forum is North Carolina Superior Court." Id. "An action to obtain a judicial declaration of the rights to an easement is authorized pursuant to the North Carolina Declaratory Judgment Act and may be brought in the State Courts." (Document No. 13-1, pp.10-11) (citing N.C.Gen.Stat. § 1-253, *et seq*.).

Defendants conclude that none of the issues raised by the Complaint invoke a federal question. (Document No. 13-1, pp.12-13). Moreover, they argue there is no diversity in this case because parties on both sides are North Carolina citizens, and nothing in this application procedure should be construed to divest the State Courts of North Carolina from the right to determine property ownership rights between North Carolina citizens. (Document No. 13-1, pp.9, 13). As such, Defendants contend that this Court lacks jurisdiction and Plaintiffs' Complaint must be dismissed. (Document No. 13-1, p.13).

Plaintiffs' response acknowledges that the HOA, Villa Owners, and Kaplan Defendants "have a Section 26a permit issued by the TVA to them for the placement and use of certain boat docks and slips upon the land of the Plaintiffs." (Document No. 15, p.4). However, Plaintiffs "maintain that the Section 26a permits in existence are based upon incorrect interpretations presented to the TVA of the rights of way and easements. . . ." (Document No. 15, p.5). "The Plaintiffs have made applications to the TVA for Section 26a permits upon the land of the Plaintiffs

(for the existing boat docks and boat slips) and the TVA has instructed the Plaintiffs pursuant to 18 C.F.R. §1304.2(a) to provide evidences of the two current permit holders' (Villas Owners and the Kaplan Defendants) concurrence with the applications, together with evidence of, or an order from the court establishing same." Id. (citing Document No. 1, p.2).

The crux of Plaintiffs' argument is that this Court has subject matter jurisdiction over this matter because the TVA has allegedly instructed Plaintiffs to either provide evidence of the parties' concurrence on their respective land rights, *or* "a court order declaring respective land rights." (Document No. 15, pp.5-7). Plaintiffs concede that TVA is not a party to this action. (Document No. 15, p.6).

Plaintiffs' response goes on to note that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." (Document No. 15, p.9) (citing 28 U.S.C. § 1331). Plaintiffs assert that consideration of a Section 26a permit application is a federal action under federal law, and "[s]ince this federal law allows the TVA to instruct an applicant to get a court order establishing property rights it is implicitly a part of the *consideration* of the Section 26a application and permitting process and moreover, is necessary for the TVA to approve or deny an application." (Document No. 15, p.9). In short, Plaintiffs conclude that this matter arises under federal law because a federal regulation allows the TVA to require Plaintiffs to seek "a court order declaring respective land rights."

In reply, Defendants note that "[i]t is 'presumed that a cause of action lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." (Document No. 18, p.2) (quoting Kokkonen v. Guardian Life Ins. of Am., 511 U.S. 375, 377 (1994)). Defendants argue that Plaintiffs have "failed to carry [their] burden of proof that any law establishes federal subject-matter jurisdiction to declare intra-state land rights of

private parties." (Document No. 18, p.3). Defendants conclude that Plaintiffs' reliance on 18 C.R.R. § 1304.2 is misplaced, and that this action must be dismissed. Id.

After careful review, the undersigned agrees with Defendants that Plaintiffs have failed to adequately satisfy their burden of proving that subject matter jurisdiction exists here. See Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d at 768.

As an initial matter, the undersigned observes that Plaintiffs do not allege, nor do they cite *any* authority that shows, that 18 C.F.R. § 1304.2(a)'s reference to "a court order declaring respective land rights" requires a decision by a federal court. In fact, Plaintiffs fail to cite any caselaw or other legal authority related to an application of 18 C.F.R. § 1304.

In addition, Plaintiffs' response ignores Defendants' argument that the proper forum for adjudicating property rights is in North Carolina's State Courts. See (Document No. 13-1, pp.10-11; Document No. 15). The undersigned is persuaded that State Courts routinely resolve property disputes such as those underlying this matter, and Plaintiffs have missed an opportunity to explain why "a court order declaring respective land rights" cannot, or should not, issue from the State Court in Clay County, North Carolina, where the disputed property is located.

Although neither party has provided any caselaw that is helpful to the disposition of this matter, the undersigned has reviewed two cases that appear to support Defendants' position. First, the United States Court of Appeals for the Eleventh Circuit issued a decision, affirming the United States District Court for the Northern District of Alabama, that is instructive here. Brown et al. v. TVA, 514 Fed.Appx. 865 (11th Cir. March 26, 2013). In that decision, the 11th Circuit agreed with the District Court that plaintiffs did not have standing to bring the asserted claims and that the case was properly dismissed for lack of subject matter jurisdiction. Id. While that case is distinguishable in several ways from the instant matter, the undersigned finds the decision's brief

7

discussion regarding permitting pursuant to 18 C.F.R. § 1304.2(a) instructive as it indicates that the "contested property rights" of the parties were "being litigated in **state court**" - "[a]ppellants and their neighbors are involved in **state court** litigation concerning their property rights as related to the adjoining TVA-owned site for proposed boathouse construction." Brown v. TVA, 514 Fed.Appx. at *1-2 (emphasis added).

Next, the undersigned notes a decision by the Court of Civil Appeals of Alabama reviewing a lower court determination regarding the parties' property rights and TVA's authorization of a pier and walkway at Wilson Lake, a man-made reservoir in northwest Alabama fed by the waters of the Tennessee River. Hollingsworth v. Richardson, 72 So.3d 1262 (Ala.Civ.App. May 27, 2011). Of course, it is notable under the circumstances that the Alabama lawsuit regarding the parties' property rights and an application to the TVA for a walkway and pier was being litigated in state court. Id. Moreover, the Alabama appellate court observed that the civil action was removed to federal court at one point, but then remanded to the state trial court. Id. The Hollingsworth decision specifically discusses 18 C.F.R. § 1304.2(a), and then concludes that there are material questions of fact regarding the defendants' right to construct a walkway and pier that preclude summary judgment. Id. at 1267. Thus, the Court of Civil Appeals of Alabama remanded the case to the state trial court for further proceedings. Id.

Based on the foregoing authority and the parties' briefs, the undersigned finds that Plaintiffs' reliance on 18 C.F.R. § 1304.2(a) as a basis for federal subject matter jurisdiction is misplaced. At its core, this lawsuit is a dispute between neighbors about their real property rights and boundaries. Although the TVA may ultimately rely on a court's determination of those rights (or the parties' agreement) in granting or revoking certain permits, the undersigned is not convinced that this action arises "under the Constitution, laws, or treaties of the United States."

Rose Acre Farms, Inc. v. North Carolina Dept. of Envt. and Nat. Res., 2015 WL 4603950, at *3 (E.D.N.C. July 30, 2005) (quoting 28 U.S.C. § 1331).

In addition, and to the extent Plaintiffs bring this lawsuit pursuant to 28 U.S.C. § 2201, the undersigned finds the following decision instructive.

> The Federal Declaratory Judgment Act (the "Act") provides that a federal district court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The Act, however, does not provide an independent basis for federal jurisdiction. City Nat'l Bank v. Edmisten, 681 F.2d 942, 945 n.6 (4th Cir. 1982).
> . . .
> **The decision to entertain a declaratory judgment action pursuant to the Act is left to the sound discretion of the Court**. The Supreme Court has "repeatedly characterized the Declaratory Judgment Act as 'an enabling act, which confers a discretion on the courts rather than an absolute right upon the litigant.'" Wilton v. Seven Falls Co., 515 U.S. 277, 287, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995) (quoting Public Serv. Comm'n of Utah v. Wycoff Co., 344 U.S. 237, 241, 73 S.Ct. 236, 97 L.Ed. 291 (1952)).

Tucker Materials, Inc. v. Safesound Acoustics, Inc., 1:12-CV-247-MR-DLH, 971 F.Supp.2d 537, 540-41 (W.D.N.C. 2013); see also, Rose Acre Farms, 2015 WL 4603950 (E.D.N.C July 30, 2015) (granting dismissal pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction, and alternatively, dismissing action pursuant to its discretion under Declaratory Judgment Act).

The undersigned finds that this matter should be dismissed pursuant to Fed.R.Civ.P. 12(b)(1), and/or that the Court in its discretion should decline to entertain this declaratory judgment action regarding real property, without prejudice to Plaintiffs pursuing their claims in North Carolina State Court.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that Defendants Birdsong Villas Homeowner's Association, Inc., Betheen A. Amundsen, Paul R.

Erickson, Glenda P. Erickson, Michelle R. Schlansky, and Marilyn Margaret McCarthy's "Motion To Dismiss" (Document No. 13) be **GRANTED**.

## V. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED**.

Signed: February 1, 2016

David C. Keesler
United States Magistrate Judge