THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:15-cv-00185-MR-DCK

| | |
|---|---|
| DENISE H. REYNOLDS; DONALD F. REYNOLDS; DONALD REYNOLDS; and ONETA B. REYNOLDS, )<br><br>Plaintiffs, )<br><br>vs. )<br><br>BETHEEN A. AMUNDSEN; BIRDSONG HOMEOWNERS ASSOCIATION INC.; PAUL R. ERICKSON; MICHELE R. SHLANSKY; MARILYN MARGARET McCARTHY; ELENA KAPLAN; JAMES R. HARKINS; and STEPHANIE C. BRUNDAGE, )<br><br>Defendants. ) | **O R D E R** |

**THIS MATTER** is before the Court on the Motion to Dismiss filed by the Defendants Birdsong Homeowners Association, Inc., Betheen A. Amundsen, Paul R. Erickson, Michele R. Shlansky, and Maryilyn Margaret McCarthy [Doc. 13] and the Magistrate Judge's Memorandum and Recommendation [Doc. 20] regarding the disposition of that motion.

Pursuant to 28 U.S.C. § 636(b) and the standing Orders of Designation of this Court, the Honorable David C. Keesler, United States Magistrate Judge, was designated to consider the motion to dismiss and to submit a recommendation for its disposition.

On February 1, 2016, the Magistrate Judge filed a Memorandum and Recommendation in this case containing conclusions of law in support of a recommendation regarding the Defendants' motion. [Doc. 20]. The parties were advised that any objections to the Magistrate Judge's Memorandum and Recommendation were to be filed in writing within fourteen (14) days of service. The period within which to file objections has expired, and no written objections to the Memorandum and Recommendation have been filed.[1]

After a careful review of the Magistrate Judge's Recommendation, the Court finds that the proposed conclusions of law are consistent with current case law. While the Magistrate Judge focuses on the specific application of federal question jurisdiction to 18 C.F.R. § 1304.2, the Court notes that the Plaintiffs have completely ignored the requirement that federal question jurisdiction lies only where the plaintiff's claim "*aris[es] under* the

---

[1] Defendants and Third Party Plaintiffs Elena Kaplan, James R. Harkins, and Stephanie C. Brundage filed a Response on February 19, 2016, indicating that they take no position regarding the Memorandum and Recommendation. [Doc. 21].

Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (emphasis added). A claim "arises under" the laws of the United States where it "necessarily raises a disputed federal issue that is *central* to the case." James M. Wagstaffe, Practice Guide Federal Civil Procedure Before Trial Ch. 2B-4, § 2:586 (Nat'l Ed. 2015) (citing Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005)). This involves a three-part test: 1) the claim necessarily raises a federal issue that is *actually disputed*; 2) the federal interest at issue is substantial; and 3) the exercise of federal jurisdiction does not upset the balance of federalism between state and federal authorities. See Grable, 545 U.S. at 314; see also Gunn v. Minton, __ U.S. __, 133 S.Ct. 1059, 1065 (2013). The Plaintiffs point to nothing involving the application of the federal regulation that is *actually disputed*. The Plaintiffs' arguments reflect a misunderstanding of federal jurisdiction. Accordingly, the Court hereby accepts the Magistrate Judge's recommendation that the motion to dismiss should be granted for lack of subject matter jurisdiction. While only some of the Defendants have moved to dismiss [Doc. 13], and others "take no position" regarding the motion to dismiss [Doc. 21], the question presented by the present motion is whether the Court has subject matter jurisdiction over this *action*. Having determined that the Court does not, the entire action must be dismissed.

**IT IS, THEREFORE, ORDERED** that the Memorandum and Recommendation [Doc. 20] is **ACCEPTED**, the Defendants' Motion to Dismiss [Doc. 13] is **GRANTED**, and this case is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Signed: February 23, 2016

Martin Reidinger
United States District Judge